UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
JUL 17 2006

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MICHAEL A. KARMOLINSKI, III,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES;<br>LLC, a foreign corporation; EXPERIAN<br>INFORMATION SOLUTIONS, INC., a<br>foreign corporation; TRANS UNION,<br>LLC, a foreign corporation; CITIBANK<br>SOUTH DAKOTA, N.A., a foreign<br>corporation,<br><br>Defendants. | MISC.06-29<br><br>MEMORANDUM OPINION<br>AND ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant Trans Union, LLC filed a Motion for an Order Compelling Non-Party Citibank, South Dakota, N.A. to Produce Documents and Designate and Produce Witnesses Pursuant to Rule 30(b)(6), Doc. 1. The Court ordered expedited briefing by both Trans Union and Citibank in light of the discovery deadline of August 10, 2006, in the underlying litigation in the District of Oregon.

The Plaintiff in the Oregon litigation made several claims against the Defendant Trans Union and two other credit reporting agencies regarding inaccurate information concerning his credit account with Citibank, which he contends resulted in a wrongful denial of credit. Plaintiff contends he paid his account with Citibank in full and that he notified the Defendants of this payment and that it was inaccurately reported by the Defendants. Despite Plaintiff's dispute regarding the Citibank account, his credit report continued to report he owed a debt to Citibank. Citibank was also a party to the litigation in Oregon, but has since reached a settlement with the Plaintiff on the claims against Citibank and was dismissed as a party. Trans Union represents, and Citibank does not dispute, that

the parties have attempted to resolve the discovery dispute since the subpoena was served on Citibank on February 23, 2006.

In addition to requesting documents and a witness to testify about Plaintiff's account with Citibank, Trans Union's subpoena includes a request for production of the settlement agreement between Plaintiff and Citibank. Trans Union has agreed, however, to withdraw its request for settlement information for purposes of the current Motion to Compel. Thus, the Court will not decide the issue of whether Citibank should be required to produce information regarding its settlement with the Plaintiff in the Oregon litigation.

Citibank contends that the discovery sought by Trans Union is not relevant to Plaintiff's claims against Trans Union. Alternatively, Citibank argues that any marginal value the discovery sought by Trans Union has to the underlying litigation is outweighed by the burden and expense this discovery places on Citibank. The Court finds that the documents and testimony sought by Trans Union is relevant to the subject matter of the Oregon litigation. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. The debt owed to Citibank and its subsequent payment by Plaintiff are facts that are of consequence to the determination of whether Trans Union inaccurately reported that Plaintiff owed a debt to Citibank at the time his credit report was prepared by Trans Union. Moreover, Trans Union's efforts to investigate Plaintiff's dispute by contacting Citibank will likely be reflected in the discovery sought from Citibank.

Although Citibank makes a general statement that the subpoena will cause undue burden, Citibank failed to provide the Court with any information regarding the burden or expense this discovery will entail. The documents requested by Trans Union appear to be documents Citibank would likely maintain as routine business records regarding Plaintiff's account. The testimony regarding Plaintiff's Citibank account would likely require a witness to review Plaintiff's records, but would not likely be extensive preparation. The Court does not find that production of the non-settlement information requested by Trans Union would cause any undue burden or expense to

Citibank, *see* Fed.R.Civ.P. 26(c), or that Citibank needs protection "from significant expense resulting from the inspection and copying commanded," *see* Fed.R.Civ.P. 45(c)(2)(B). Accordingly,

IT IS ORDERED:

1. That Defendant Trans Union's Motion for an Order Compelling Non-Party Citibank South Dakota, N.A., to Produce Documents and Designate and Produce Witnesses Pursuant to Rule 30(b)(6), Doc. 1, is granted to the extent that Citibank South Dakota, N.A., shall produce the documents and witness demanded by Trans Union in its subpoena, dated February 22, 2006 and served on Citibank South Dakota, with the exception that Citibank need not produce the Settlement Agreement with Michael Karmolinski or a witness to testify regarding the Settlement with Michael Karmolinski.

2. That this action is dismissed.

Dated this 17th day of July, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY _____
DEPUTY